IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH MASSEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 09-3170 |
| FAIR ACRES GERIATRIC CENTER and | : | |
| DELAWARE COUNTY | : | |

**MEMORANDUM**

Ludwig, J.                                                                               July 24, 2012

This is a civil rights action under 42 U.S.C. § 1983 for violations of the Federal Nursing Home Reform Amendments (FNHRA), 42 U.S.C. § 1396r. Jurisdiction is federal question, 28 U.S.C. § 1331, and supplemental, 28 U.S.C. § 1367(a).

On March 23, 2012, partial summary judgment was entered in favor of defendants (order, doc. no. 46; see memorandum, doc. no. 45, for factual background and case history). Plaintiff now moves for reconsideration (doc. no. 50) and defendants again move for summary judgment (doc. no. 49). Fed. R. Civ. P. 56, 59(e). Summary judgment must be entered for defendants and against plaintiff.

Plaintiff Kenneth Massey is the administrator of the estate of his mother, Bernice Massey, deceased, a former resident of Fair Acres Geriatric Center, a facility in Lima, Pennsylvania, owned and operated by defendant Delaware County.[1]

---

[1] Although named as a defendant, Fair Acres is not an independent corporate entity and exists only as part of Delaware County. Counties may sue and be sued in their own name; however, Fair Acres may not be sued as if it were a legal entity separate from the county. 16 P.S. § 202; see City of Philadelphia v. Glim, 613 A.2d 613, 616 (Pa. Commw. 1992) (fire department could not be sued as though it were a legal entity separate from the city).

1

According to the complaint filed July 16, 2009, Fair Acres' employees on June 24, 2007 permitted Mrs. Massey, to consume solid food, which she was physically unable to ingest. As a result, she choked, was hospitalized, and died on July 17, 2007. The gravamen is that defendants deprived Mrs. Massey of "the right to quality care and . . . to be free from avoidable accidents" and caused her "untimely" and "preventable" death. See Count I ¶¶ 23, 32, 43; Count II ¶ 50. Also alleged is that "violations of FNHRA's dictates were so consistent and pervasive that they amounted to a custom and policy at Fair Acres." Count II ¶ 49.

As the parties agree, the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S.A. §§ 8501-8564, bars any claim based on common law negligence. See pl. answer, doc. no. 50 at 1- 2; pl. br., doc. no. 50-1 at 1-4; pl. br., doc. no. 42-1 at 14 n.2; def. br., doc. no. 49-2 at 4-5; def. br., doc. no. 39-1 at 9-10. The Pennsylvania Tort Claims Act grants governmental immunity to local agencies such as Fair Acres, and no statutory exception is present here. 42 Pa.C.S.A. §§ 8541, 8542, 8545; see Morris v. Montgomery County Geriatrics & Rehab. Ctr., 459 A.2d 919 (Pa. Commw. 1983) (wrongful death and survival action against county-owned nursing facility barred).

While plaintiff either as administrator or for himself concedes any right to recover for negligence, the complaint sets forth claims under Pennsylvania's wrongful death and survival statutes, 42 Pa.C.S.A. §§ 8301 (Count I) and 8302 (Count II), respectively. Each Count also incorporates a claim under 42 U.S.C. §§ 1983 and 1988. Plaintiff contends that under

Grammer v. John J. Kane Reg'l Ctrs.–Glen Hazel, 570 F.3d 520 (3d Cir. 2009), cert. denied, 130 S. Ct. 1524 (U.S. 2010), all claims set forth in the complaint "arise from" a viable § 1983 action, and Pennsylvania's wrongful death and survival statutes "serve only as a mechanism for recovery and do not create their own causes of action." See pl. answer, doc. no. 50 at 1-2; pl. br., doc. no. 50-1 at 2-3.

FNHRA gave Mrs. Massey federal rights that could be remediated by a § 1983 claim. Grammer, 570 F.3d at 525 & n.2, 532. However, our Court of Appeals in Grammer did not consider whether FHNRA violations that injure or cause the death of a nursing home resident may alone form the basis for wrongful death or survival remedies in Pennsylvania. Inasmuch as a § 1983 action may challenge treatment received at a nursing home that violated FNHRA, the evidentiary record here compels a ruling that no viable state or federal claim has been stated or made out.

## 42 U.S.C. § 1983 Action

Section 1983 is "a vehicle for imposing liability against anyone who, under color of state law, deprives a person of 'rights, privileges, or immunities secured by the Constitution and laws.'" Grammer, 570 F.3d at 525 (quoting Maine v. Thiboutot, 448 U.S. 1, 4-6 (1980)). Only persons actually deprived of their individual civil rights can redress these rights. See McCain v. Episcopal Hosp., 350 Fed. App'x 602, 604 (3d Cir. 2009); McCain v. Abraham, 337 Fed. App'x 141, 142 (3d Cir. 2009); O'Malley v. Brierley, 477 F.2d 785, 789 & n.2 (3d Cir. 1973).

The complaint depicts that Mrs. Massey had standing during her lifetime to assert violations of FNHRA. Plaintiff Kenneth Massey has no personal claim under FNHRA, but has standing to assert her civil rights in a representative capacity as the administrator of her estate. Baffa v. Black, 481 F. Supp. 1083, 1085-86 (E.D. Pa. 1979)(Pollak, J.) (citing Denman v. Wertz, 372 F.2d 135, 135-36 (3d Cir.) (plaintiff must sue as executor of decedent's estate and not in his own right), cert. denied, 389 U.S. 941 (1967)).

However, a § 1983 claim is time-barred because the complaint was filed on July 16, 2009, more than two years after the choking incident on June 24, 2007. Under Pennsylvania's governing two-year statute of limitations for personal injury actions, 42 Pa.C.S.A. § 5524(2),[2] the time period began to run from the day of injury, 42 Pa.C.S.A. § 5502(a).[3] See Gleason v. Borough of Moosic, 15 A.3d 479, 484 (Pa. 2011) (generally, period begins to run "when an injury is inflicted and the corresponding right to institute a suit for damages arises"); accord Matharu v. Muir, 29 A.3d 375, 381 (Pa. Super. Ct. 2011).

Plaintiff's position is that the § 1983 claim was timely filed within two years from Mrs. Massey's death as required by the Medical Care Availability and Reduction of Error Act (MCARE), 40 P.S. §§ 1303.101-1303.910. MCARE creates a special statute of repose for wrongful death and survival actions arising from a health care provider's medical

---

[2] The statute, in part: "The following actions and proceedings must be commenced within two years: . . . An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another."

[3] The statute, in part: "The time within which a matter must be commenced . . . shall be computed . . . from the time the cause of action accrued . . . ."

4

professional liability:

> If the claim is brought under 42 Pa.C.S.A. § 8301 (relating to death action) or 8302 (relating to survival action), the action must be commenced within two years after the death . . . .

40 P.S. § 1303.513[4]; see Matharu, 29 A.3d at 382 (a "statute of repose"). "While a statute of limitations merely bars a party's right to a remedy, a statute of repose completely abolishes and eliminates a party's cause of action." Abrams v. Pneumo Abex Corp., 981 A.2d 198, 211 (Pa. 2009).[5]

Pennsylvania, therefore, has a second statutory provision that proscribes when a remedy or a cause of action for personal injury must be sought. See Owens v. Okure, 488 U.S. 235, 244 (1989) (listing Pennsylvania's separate limitations provisions governing various torts).

So far, Congress has not enacted a statute of limitations governing § 1983 actions. Title 42 U.S.C. § 1988 endorses the borrowing of state-law limitations where doing so is

---

[4] MCARE "relates to medical professional liability" and its purpose is "to ensure fair legal process and reasonable compensation for persons injured due to medical negligence." 40 P.S. §§ 1303.501, 1303.502. It applies to "health care providers," defined in part as being "a personal care home" or a "corporation" licensed or approved by Pennsylvania to provide "health care or professional medical services as a . . . nursing home . . . , and an officer, employee or agent of any of them acting in the course and scope of employment." 40 P.S. § 1303.503. It is not disputed that Fair Acres is a health care provider within the meaning of MCARE.

[5] "A statute of repose . . . limits the time within which an action may be brought and is not related to the accrual of any cause of action; the injury need not have occurred, much less have been discovered. Unlike an ordinary statute of limitations which begins running upon accrual of the claim, the period contained in a statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted." Abrams, 981 A.2d at 211 (quoting City of McKeesport v. Workers Comp. Appeal Bd. (Miletti), 746 A.2d 87, 91 (Pa. 2000) (citations and emphasis omitted)).

consistent with federal law. Id. (application of "common law, as modified and changed by the constitution and statutes" of the forum state); Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000) (Section 1988 "requires us to use the statute of limitations for the state where the federal court sits"). However, § 1988 does not offer guidance as to which state provision to borrow. Owens, 488 U.S. at 239.

In Wilson v. Garcia, the Court held that the state statute of limitations for personal injury actions should be borrowed for § 1983 claims. 471 U.S. 261, 266-67, 270, 271-74 (1985). Wilson left undecided which statute of limitations should apply in states with alternative limitation periods for personal injury actions. In Owens v. Okure, the Court "hope[d] to fulfill Wilson's promise" to put "an end to the confusion over what statute of limitations to apply to § 1983 action," holding that "where state law provides multiple statutes of limitation for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." 488 U.S. at 236, 249-51. For federal civil rights actions originating in Pennsylvania, our Court of Appeals has looked to the general residual statute of limitations for personal injury actions, 42 Pa.C.S.A. § 5524. See, e.g., Lewicki v. Washington County, Pa., 431 Fed. App'x 205, 207-08 (3d Cir.), cert. denied, 132 S. Ct. 769 (U.S. 2011); Lake, 232 F.3d at 368.

In Pennsylvania, MCARE is not the most suitable statute of limitations. The analogy between injuries protected by § 1983 and those caused by professional or medical malpractice may be arbitrary. Plaintiff as administrator is not suing for professional

6

malpractice; instead, Mrs. Massey's federal rights are alleged to have been violated. These two theories of recovery result from different injuries and are for different remedies. See Owen, 488 U.S. at 581 (the Civil Rights Acts provide a "unique remedy" and analogies to state causes of action "are bound to be imperfect") (citations and internal quotation marks omitted); Lazaridis v. Wehmer, 591 F.3d 666, 672 (3d Cir. 2010) (§ 1983 claim "can only be sustained if the defendant has deprived the plaintiff of a federal constitutional or statutory right while acting under color of state law").

Moreover, the choice of a limitations period should not "depend upon the particular facts or the precise legal theory of each claim" – "counsel could almost always argue, with considerable force, that two or more periods of limitations should apply to each § 1983 claim." Wilson, 471 U.S. at 274. Using this approach, multiple statutes of limitation would be applied to various § 1983 claims originating in Pennsylvania, including , for example, this case. The litigation about MCARE, even if in point, is the very type of dispute that Owens and Wilson were intended to foreclose.

Matharu held that MCARE's specific statute of repose controlled over the general statutory language set forth in 42 Pa.C.S.A. § 5524(2) in wrongful death and survival actions. 29 A.3d at 382. Nonetheless, federal courts sitting in Pennsylvania are not bound by that decision. See Wilson, 471 U.S. at 270-71 (state-law limitations provision superseded by the federal interests in "uniformity and . . . having firmly defined, easily applied rules") (citation and internal quotation marks omitted)). The federal interests in uniformity, certainty, and the

minimization of unnecessary litigation, see Owens, 488 U.S. at 240; Wilson, 471 U.S. at 274, all lead to the conclusion that Pennsylvania's two-year general residual statute of limitations governs here.

Although "never stated so expressly" as in Wallace v. Kato, the Court clarified that "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." 549 U.S. 384, 388 (2007) (emphasis in original). Wallace ruled that under general common-law tort principles, accrual occurs "when the plaintiff has a complete and present cause of action," "that is, when the plaintiff can file suit and obtain relief." Id. at 388 (citations and internal quotation marks omitted). Under this controlling standard, Mrs. Massey's suit could have been filed as soon as she was injured. The personal injury statute commenced to run from that date, and since more than two years elapsed thereafter until the filing of the complaint, the § 1983 claim is time-barred.

Count I of the Complaint, Wrongful Death Claim

The complaint asserts a § 1983 claim is maintainable through the "mechanism" of a state-law claim for wrongful death under 42 Pa.C.S.A. § 8301.[6] See, e.g., pl. br., doc. no. 50-1 at 2. This position is mistaken.

Pennsylvania's wrongful death statute created "'a new cause of action in tort,

---

[6] Section 8301(a): "An action may be brought, under procedures prescribed by general rules, to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another if no recovery for the same damages claimed in the wrongful death action was obtained by the injured individual during his lifetime and any prior actions for the same injuries are consolidated with the wrongful death claim so as to avoid a duplicate recovery."

8

unknown to the common law, when death shall be occasioned by 'unlawful violence or negligence,' and no suit is brought by the injured in his lifetime.'" Sunderland v. R.A. Barlow Homebuilders, 791 A.2d 384, 389 (Pa. Super. Ct. 2002) (quoting Centofanti v. Pa. R. Co., 90 A. 558, 560 (Pa. 1914)); see Commonwealth v. Booth, 766 A.2d 843, 848 (Pa. 2001) (endorsing Centofanti). As the Pennsylvania Supreme Court explained years ago:

> We think it clear that the cause of action contemplated by the statute is the tort which produces death, and not the death caused by the tort. . . . [D]eath is not the tort but simply its consequence or result. . . . It is the tortious act or negligence of the wrongdoer, and not its consequence, that is the basis or ground of action which the statute authorizes to be brought.

Centofanti, 90 A. at 561. Section 8301 is substantially similar to that found in the Act of 1851, as construed by Centofanti. Sunderland, 791 A.2d at 390; 42 Pa.C.S.A. § 8301(a) ("the wrongful act or neglect or unlawful violence or negligence of another").

A wrongful death action may be brought by the personal representative of persons entitled to receive damages for wrongful death under the statute – "only for the benefit of the spouse, children or parents of the deceased." 42 Pa.C.S.A. § 8301(b), (d); Kiser v. Schulte, 648 A.2d 1, 4 (Pa. 1994). Here, Kenneth Massey as both the administrator of Mrs. Massey's estate and individually as her son, has, and had, standing to sue under Section 8301 for her wrongful death caused by another's tortious conduct.

The complaint does not assert Kenneth Massey's rights to a wrongful death remedy. Instead, it alleges Mrs. Massey's personal civil rights under § 1983 in the guise of a state-law claim for wrongful death under Section 8301, apparently to avoid the governmental immunity

9

defense.  See, e.g., R.H.S. v. Allegheny County Dept. of Human Servs., Office of Mental Health, 936 A.2d 1218, 1228 (Pa. Commw. 2007) (Tort Claims Act confers immunity only for torts sounding in negligence).

This position conflates the provisions of federal and state statutes that set out different remedies to redress different injuries for different claimants.  In Pennsylvania, a wrongful death action

> may be brought only by specified relatives of the decedent to recover damages in their own behalf . . . . This action is designed only to deal with the economic effect of the decedent's death upon these specified family members.

Matharu, 29 A.3d at 383 (quoting Frey v. Pa. Elec. Co., 607 A.2d 796, 798 (Pa. Super. Ct.) (citations omitted), appeal denied, 614 A.2d 1142 (Pa. 1992)).  The action does not compensate the decedent – "it compensates the survivors for damages which they have sustained as a result of the decedent's death." Machado v. Kunkel, 804 A.2d 1238, 1246 (Pa. Super. Ct. 2002), appeal denied, 819 A.2d 547 (Pa. 2003).  These remedies for a wrongful death do not afford redress for deprivations of Mrs. Massey's federal rights.  In any event, plaintiff Kenneth Massey individually has no standing to vindicate his mother's civil rights. See, e.g., O'Malley, 477 F.2d at 789 & n.2 (one cannot sue for deprivation of another's civil rights).

The alleged deprivation of Mrs. Massey's FNHRA rights does not change a state-law statutory remedy for wrongful death into a federal statutory remedy for civil rights infringement.  The complaint cites FNHRA's requirements as defining the duties defendants

owed to Mrs. Massey, see compl. ¶¶ 23-26. "In all tort cases, a duty may be imposed either through common-law case development or through a statute." DeJesus v. U.S. Dept. of Veterans Affairs, 479 F.3d 271, 280 (3d Cir. 2002) (applying Pennsylvania law). FNHRA fixes a federal standard of care for nursing homes in Pennsylvania that offer care to Medicare and Medicaid beneficiaries, such as Fair Acres. See, e.g., Grammer, 570 F.3d at 523; Newman v. Kelly, 848 F. Supp. 228, 235, 237 (D.D.C. 1994) (FNHRA's single, uniform set of requirements preempts local regulation). Yet, all elements of a tort must be proven before wrongful-death remedies may be recovered. See Harville v. Delcamp, 555 A.2d 763, 764 (Pa. 1989) (proof of the mere happening of an accident is not enough to recover in negligence); Sunderland, 791 A.2d 390-91 ("wrongful death action is derivative of the injury which would have supported the decedent's own cause of action and is dependent on the decedent's cause of action being viable at the time of death"). Correspondingly, plaintiff is deemed to have abandoned any negligence claim.

MCARE's statute of repose for wrongful death and survival actions in Pennsylvania, which requires commencement of a wrongful death action "within two years after the death," 40 P.S. § 1303.513(d), does not apply here. The claim is not one for wrongful death caused by the tort of another.

Count II of the Complaint, Survival Claim

The complaint also contains a § 1983 claim through the "mechanism" of a state-law survival claim under 42 Pa.C.S.A. § 8302.[7] See, e.g., pl. br., doc. no. 50-1 at 2. The basis

---

[7] Section 8302: "All causes of action or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants."

is that at the time Mrs. Massey choked, she had a complete and present cause of action under § 1983 for the alleged FNHRA violations. If she had lived, she could have sued to recover damages caused by the violations. However, even assuming plaintiff could prove the alleged violations, defendants are correct that the complaint does not contain a timely claim of Mrs. Massey's that survives her death.

A survival action is not a new cause of action occasioned by an individual's death, but is one that accrues during an individual's lifetime that survives his or her death:

> Under the survival statute, survival damages are essentially those for pain and suffering between the time of injury and death. The survival action has its genesis in the decedent's injury, not his death. The recovery of damages stems from the rights of action possessed by the decedent at the time of death . . . .

Matharu, 29 A.3d at 383 (emphasis omitted) (quoting Moyer v. Rubright, 651 A.2d 1139, 1141 (Pa. Super. Ct. 1994), appeal denied, 659 A.2d 988 (Pa. 1995) (quoting Frey, 607 A.2d at 798)); Sunderland, 791 A.2d at 391 (cause of action accruing to the plaintiff that survives his or her death). This action is "brought by the administrator of the decedent's estate in order to recover the loss to the estate . . . resulting from the tort," so as "to compensate . . . the decedent herself through the legal person of her estate." Kiser, 538 Pa. at 4.

As stated, plaintiff Kenneth Massey had standing to assert Mrs. Massey's civil rights in a representative capacity as the administrator of her estate. However, a § 1983 claim is now time-barred. Again, plaintiff contends that timeliness of the claim should be determined under MCARE, which requires a survival action to be commenced "within two years after the death," 40 P.S. § 1303.513(d). That position is incorrect here as well. Whether framed

12

as a survival claim or standing alone, the § 1983 claim is governed by Pennsylvania's two-year statute of limitations for personal injury actions, 42 Pa.C.S.A. § 5524(2), which began to run from the date of injury, 42 Pa.C.S.A. § 5502(a).  <u>Wallace</u>, 549 U.S. at 388.

Moreover, even if the § 1983 survival action were recast as one sounding in professional malpractice, the claim would not be viable.  As plaintiff acknowledges, Pennsylvania's Tort Claims Act would bar any claim for negligence that might have accrued during Mrs. Massey's lifetime and survived her death.

An order accompanies this memorandum.


                                              BY THE COURT:

                                              <u>/s/  Edmund V. Ludwig</u>
                                              Edmund V. Ludwig, J.